**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America, N.A., | |
|     Plaintiff, | No. CV-12-0015-PHX-PGR |
| vs. | |
| POST Integrations, Inc., et al., | ORDER |
|     Defendants. | |

      In an amended complaint filed on January 6, 2012, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Having reviewed the complaint, the Court finds that the jurisdictional allegations in the complaint are insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiff to file a second amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on

discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning defendant Ebocom, L.L.C. is merely that it "is a Delaware corporation, with its principal place of business in Arizona." This allegation is deficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity of citizenship exists under § 1332; rather, the citizenship of a LLC is the citizenship of each of its members. <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") Since the amended complaint fails to set forth the citizenship of any Ebocom, L.L.C. member, the Court will require the plaintiff to specifically identity in its second amended complaint each Ebocom, L.L.C. member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[1]

The plaintiff is advised that its failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the amended complaint (Doc. 6) in this action is

---

[1] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the second amended complaint must set forth any sub-layers of partners or members that Ebocom, L.L.C. may have.

- 2 -

1  dismissed for lack of subject matter jurisdiction.
2      IT IS FURTHER ORDERED that the plaintiff shall file a second amended
3  complaint properly stating a jurisdictional basis for this action no later than
4  **January 23, 2012.**[2]
5      IT IS FURTHER ORDERED that the plaintiff shall immediately provide a
6  copy of this order to any defendant already served with process.
7      DATED this 9th day of January, 2012.

```
                         Paul G. Rosenblatt
                         United States District Judge
```

---

[2] The parties are advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3), as amended effective December 1, 2011, unless that party's name is completely capitalized in its normal use.