**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America, N.A., | |
| Plaintiff, | No. CV-12-00015-PHX-PGR |
| vs. | ORDER |
| POST Integrations, Inc, et al., | |
| Defendants. | |

Pending before the Court is plaintiff Bank of America, N.A.'s Motion for Partial Reconsideration of Order Granting Summary Judgment (Doc. 36), filed pursuant to Fed.R.Civ.P. 59(e). Having considered the parties' memoranda and their attached exhibits, the Court finds that the motion should be granted in part and denied in part.

A. Transfer of BINs/ICAs

In paragraph (4) of the order portion of its summary judgment order (Doc. 31), the Court, adopting the defendants' position, in part ordered that

> [e]ffective as of June 30, 2013, Bank of America, N.A. shall relinquish all rights to the Bank Identification Numbers (BINs) and Interstate Card Associations (ICAs) of Post Integrations, Inc. and Ebocom L.L.C., and shall, as soon as practical after June 30, 2013, transfer such BINs and ICAs to Post Integrations, Inc. and Ebocom L.L.C. Upon such transfer, Bank of America, N.A. shall have no further duties, responsibilities, or rights with respect to such BINs and ICAs.

The plaintiff argues that the Court must modify the above paragraph in its summary judgment order by rescinding the relinquishment and transfer requirements on the ground that compliance is not possible because the plaintiff has no legal right or ability under Visa's and MasterCard's rules and regulations to unilaterally transfer BINs or ICAs to the defendants since it does not own or control them; it further argues that the inclusion of these requirements was improper because this relief was not pled, briefed, or argued by the parties as the defendants only included them in their proposed form of order submitted in connection with oral argument on the plaintiff's summary judgment motion.

The defendants' position is that they requested the relinquishment and transfer language in order to keep the plaintiff from impeding or disrupting POST Integrations' relationship with its own merchants since the BINs and ICAs are the identifying means that connect POST and its merchants' transactions. The defendants contend that if the plaintiff is allowed to have control of the BIN and ICA numbers then it could effectively do what it wants with POST's merchants, even potentially directing Visa and MasterCard to direct the transactions of POST's merchants away from POST and to the plaintiff's affiliated credit card processor.

The Court is persuaded by the evidence submitted by the plaintiff that the Court cannot require the plaintiff to transfer the BINs and ICAs to the defendants and will therefore rescind that portion of the summary judgment order. The Court, however, will adopt the defendants' request that the Court reaffirm its previous order requiring the plaintiff to relinquish all rights to the defendants' BINs and ICAs, and the defendants' request that the plaintiff be ordered not to use, transfer, or interfere with those numbers without a joint directive from Visa and POST and a joint directive from MasterCard and POST.

B.  Notice Language

The Court's summary judgment order also required POST to provide written notice to its merchant clients that the plaintiff would no longer be POST's BIN sponsor as of June 30, 2013, and that all of the plaintiff's obligations to them would cease as of that date. The plaintiff argues that the Court should revise its required notification language to include a statement warning the merchants that their credit card processing services will be disrupted if the defendants fail to timely obtain a new bank sponsor.

The Court declines to do so. The Court not only considered and specifically rejected the plaintiff's proposed language in its summary judgment order, POST sent out the notification to its merchant clients in conformance with the summary judgment order prior to the time the reconsideration motion was filed. Neither the plaintiff's new legal arguments, which could have been raised at the summary judgment hearing, nor its supplemental evidence persuade the Court that an additional, different notification is necessary. While the Court does not know whether the defendants will obtain a new bank sponsor by June 30, 2013, or specifically what will happen if a new sponsor is not timely obtained, it is not convinced from the record before it that the plaintiff will suffer any significant harm if a new sponsor is not timely obtained. Even if the Court accepts the plaintiff's contention that the reason it wants its proposed warning given to the merchant clients is to keep it from being negatively impacted, whether reputationally or legally, should the defendants fail to timely obtain a new bank sponsor, the plaintiff's expressed concern, which it has only conclusorily presented, is belied by contractual exculpation and indemnity provisions limiting its liability and by the fact that POST's merchant clients have already been sufficiently informed that the plaintiff's

obligations to them under the Merchant Service Agreements will cease effective June 30, 2013. Therefore,

IT IS ORDERED that plaintiff Bank of America, N.A.'s Motion for Partial Reconsideration of Order Granting Summary Judgment (Doc. 36) is granted in part solely to the extent that paragraph (4) of the order portion of the Court's summary judgment Order (Doc. 31) is modified as follows:

> (4)  Effective as of June 30, 2013, Bank of America, N.A. shall relinquish all rights to the Bank Identification Numbers (BINs) and Interstate Card Associations (ICAs) of POST Integrations, Inc. and Ebocom L.L.C., and shall thereafter have no further duties, responsibilities, or rights with respect to such BINs and ICAs.  Prior to June 30, 2013, Bank of America, N.A. shall not use, transfer, or interfere with those BIN and ICA numbers without a joint directive from Visa and Post Integrations, Inc., and a joint directive from MasterCard and Post Integrations, Inc. POST Integrations, Inc. and Ebocom, L.L.C. shall continue to make payments to Bank of America, N.A. as specified in the BIN Sponsorship Agreements until June 30, 2013.

DATED this 3rd day of June, 2013.

Paul G. Rosenblatt
United States District Judge

- 4 -